UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 03-157-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANTHONY J. TURLEY, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

The United States has moved the Court pursuant to Rule 36 of the Federal Rules of Criminal Procedure to correct the judgment originally entered by former United States District Judge Jennifer B. Coffman to properly reflect the term of incarceration imposed at the time of the defendant's sentencing hearing held in May 2004. [Record No. 76] A hearing on this mtoion was held on November 12, 2013.

**I.**

On December 4, 2003, a six-count indictment was returned against Anthony Turley and his co-defendant Fayion A. Harris. [Record No. 1] Turley was re-arraigned on February 2, 2004, and his guilty plea to Counts 1 and 3 of the indictment was accepted by the Court. [Record No. 23] On May 27, 2004, Judge Coffman imposed the following sentence:

> Based on [the PSR] and the Sentencing Reform Act, it is this Court's judgment that you are committed to the custody of the Bureau of Prisons for a term of 123 months. That's 63 months on Count 1, and 60 months on Count 3 to be served consecutively, so it's 60 plus the 63 on Count 1.

[Record No. 73, p. 10] A five year term of supervised release was also imposed. [*Id.*]

Pursuant to 18 U.S.C. § 924(c), the Court was required to impose the five-year term of imprisonment under Count 3 to run consecutive to the sixty-three month term of incarceration imposed under Count 1. *See* 18 U.S.C. § 924(c)(1)(D). However, the Judgment signed by Judge Coffman and entered the following day stated that Turley was sentenced to a term of imprisonment of "63 months on Count 1 and 60 months on Count 3, *to be served concurrently*, for a total term of 63 months." (Emphasis added.) [Record No. 41, p. 2] Thereafter, on May 16, 2008, Judge Coffman granted Turley's motion to reduce his drug sentence under 18 U.S.C. § 3582. [Record No. 62] According to the Judgment entered that date, Turley's sentence was reduced from 63 months to 60 months. [Record No. 62] In other words, the error included in the original Judgment was repeated in the Amended Judgment.

Based on the language contained in the original Judgment, and as reduced by the Amended Judgment, Turley was released from federal custody after serving only a part of the sentence announced in May 2004. And after serving an additional term of incarceration for a violation of state law, the Court was notified that Turley had violated the conditions of supervised release imposed by Judge Coffman. However, due to Judge Coffman's retirement in January 2013, this matter was reassigned to the undersigned. [Record No. 64] On October 22, 2013, the Court held a hearing regarding the violations of Turley's supervised release. [Record No. 71] During this hearing, the undersigned questioned the Assistant United States Attorney regarding whether the Judgment contained an error regarding the total term of incarceration. And although the Court did not revoke the terms of supervised release on that

date, additional conditions of supervision were imposed. On October 25, 2013, the United States filed a motion to correct Turley's original Judgment under Federal Rule of Criminal Procedure 36.[1]

**II.**

Rule 36 of the Federal Rules of Criminal Procedure states:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Crim. P. 36. In *United States v. Penson*, 526 F.3d 331 (6th Cir. 2008), the Sixth Circuit clarified what constitutes a clerical error for the purposes of Rule 36:

> A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature. Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court..

526 F.3d at 335 (internal quotation marks and citations omitted).

The sentence announced orally during the sentencing hearing by Judge Coffman is the correct sentence in this matter. According to the Sixth Circuit, "when an oral sentence conflicts with the written sentence, the oral sentence controls." *Id.* at 331 (citing *United States v. Schultz*, 855 F.2d 1217, 1225 (6th Cir. 1988)); *see also Sasser v. United States*, 352 F.2d 796, 797 (6th Cir. 1965) ("[I]t is true that the pronouncement of sentence represents the judgment of the court and that the order of judgment is merely evidence of the sentence.").

---

1     Rule 35 of the Federal Rules of Criminal Procedure also deals with correcting clear error; however, that rule requires that such a correction occur within 14 days after sentencing. Fed. R. Crim P. 35(a).

As in *Penson*, Judge Coffman's "oral sentence contained no ambiguity." 526 F.3d at 335. Rather, the oral sentence was the statutorily-correct sentence under 18 U.S.C. § 924(c), even as understood by the defendant. [Record No. 73, p. 8 ln. 8-9 (During the sentencing hearing, counsel for the defendant stated that Turley "understands that the 60 months has to be consecutive to the first count of incarceration.")]

However, the issue of whether this Court can simply correct the Judgment using Rule 36 is less clear. The defendant is correct that the Sixth Circuit does not view mistakes or omissions by the Court as clerical in nature. *See Penson*, 526 F.3d at 336. Thus, the issue presented for resolution is whether the incorrect language contained in the Judgment (i.e., imposition of 60 months under Count 3 to run concurrent *rather than* consecutive to the sentence imposed under Count 1) and carried forward into the Amended Judgment, constitutes a clerical error.

The Court finds that the mistake in the Judgment, stating an unlawful sentence, is a clerical error that can be corrected at this point in the proceedings. *See United States v. Murphy*, 329 F. App'x 653 (7th Cir. 2009) (holding that the sentencing court's error in its written judgment, which stated defendant was to serve a term of 204 months imprisonment, was a "clerical error" that could be corrected by the district court at any time, where oral pronouncement made clear that sentence was for a term of 235 months). As the United States points out, in addition to the correct sentence that Judge Coffman announced orally, the Statement of Reasons attached to the Judgment reflects that the terms of imprisonment were to run consecutively. Judge Coffman's later reduction of Turley's sentence on Count 1 did not elevate the original error beyond a clerical one. Rather, the Judgment entered reducing Turley's

drug sentence from 63 months to 60 months under the retroactive amendments to the crack cocaine sentencing guidelines simply repeated the original clerical mistake.

Finally, the defendant argues that the finality espoused in 18 U.S.C. § 3582 precludes the imposition of an additional term of imprisonment. However, other courts have rejected similar arguments. *See United States v. Blackwell*, 81 F.3d 945, 948 n.3 (10th Cir. 1996) (internal quotations marks and citations omitted) ("Although 3582(c) does not refer to [Rule 36], we discern no intent on the part of Congress to preclude a court from correcting clerical mistakes and minor errors under Rule 36."); *see also United States v. Lopez,* 26 F.3d 512, 515 n.5 (5th Cir. 1994). In short, courts addressing this issue have found that simply because the Court's power under Rule 36 is not stated in § 3582, there is no express intent of Congress to abrogate that avenue to modify a sentence, at any time, for a clerical error. This Court agrees with that analysis and conclusion.

### III.

In summary, the Court finds that the correct sentence imposed by Judge Coffman at the May 27, 2004, sentencing hearing controls the term of incarceration to be served by Defendant Turley. The mistake contained in the Judgment constitutes a clerical error that may be corrected at any time pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Accordingly, and for the reasons stated during the November 12, 2013 hearing, it is hereby

**ORDERED** as follows:

1.  The United States' motion to correct Defendant Turley's Judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure is **GRANTED**.

2. The Judgment originally entered in this matter shall be is hereby **AMENDED** to reflect that the defendant is sentenced to 60 months imprisonment on Count 3 of the Indictment, to run **CONSECUTIVELY** with the sentence of 63 months imprisonment imposed on Count 1. However, because the sentence imposed under Count 1 was subsequently reduced from 63 months to 60 months, the total term of incarceration to be served by Defendant Turley under his federal sentence shall be 120 months.

This 13th day of November, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge